641 S.E.2d 903

## SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Appellant,

v.

## FIRST CAROLINA CORPORATION OF S.C., Landowner, and Edisto Farm Credit, ACA, Mortgagee, Other Condemnee(s) of whom First Carolina Corporation of S.C. is, Respondent.

### No. 26275.

Supreme Court of South Carolina.

Heard Jan. 3, 2007.

Decided Feb. 27, 2007.

---

B. Michael Brackett, of Moses Koon & Brackett, of Columbia, for Appellant.

Daniel E. Henderson, of Peters Murdaugh Parker Eltzroth & Detrick, of Ridgeland, and Thomas A. Holloway, of Harvey & Battey, of Beaufort, for Respondent.

Chief Justice TOAL:

This case arises out of a condemnation action by the South Carolina Department of Transportation (SCDOT) and was certified for review from the court of appeals pursuant to Rule 204(b), SCACR. First Carolina Corporation of South Carolina (First Carolina) initiated a suit to determine the value of a piece of condemned property. The trial court submitted the case to the jury with instructions for the jury to utilize a special verdict form provided by the court. The jury returned a verdict in favor of First Carolina and awarded compensation for the land taken and special damages to the remaining property. SCDOT appealed. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

SCDOT condemned approximately eight (8) acres of land belonging to First Carolina. The condemned property was part of a larger, four hundred (400) acre tract of land. First Carolina initiated an action to determine the amount of compensation owed by SCDOT for the condemnation of First Carolina's property.

During trial, First Carolina argued that it should be compensated based on the value of land taken plus any special damages to the remaining property. SCDOT argued that First Carolina's method inflated the value of the condemned property. Instead, SCDOT advocated for the use of the "before and after" appraisal methodology.

First Carolina submitted a special verdict form to the court. After the trial court announced its intention to utilize a modified version of the special verdict form, SCDOT indicated that it would prefer a general verdict form. The trial court denied SCDOT's request to use a general verdict form.

The modified special verdict form utilized by the court asked the jury to 1) unanimously determine just compensation for the land taken, 2) unanimously determine whether the taking caused any special damage to the remaining property, and 3) determine the amount of the special damages, if any.

Following the charge to the jury, but before the court delivered the trial exhibits and special verdict form to the jury, SCDOT again objected to the use of the special verdict form on the basis that it "emphasizes damages by its bifurcated nature and the Department [didn't] believe that the landowner ha[d] proven its damages to the standards required by the law." The trial court overruled SCDOT's objection and submitted the form to the jury on the basis that the form would simplify an appellate review of the verdict. The jury returned a verdict of $1,990,975.00, of which $640,300.00 was for the land acquired and $1,350,675.00 for the damage to the remaining property.

SCDOT filed several post-trial motions, including a request for a judgment notwithstanding the verdict based upon the argument that the verdict form was unduly suggestive of the

appraisal method advocated by First Carolina. The trial court denied the motion and this appeal followed.

SCDOT appeals raising the following issues for review:

I.   Did the trial court err in utilizing a special verdict form because the nature of the case, the facts, or the evidence did not warrant a special verdict?

II.  Was the special verdict form submitted by the trial court unduly suggestive or misleading as to the appraisal method to be used by the jury in calculating just compensation? [1]

## STANDARD OF REVIEW

The determination of whether a special verdict should be submitted to the jury is within the sound discretion of the trial judge, and an appellate court will only reverse upon a finding of an abuse of that discretion. *Smoak v. Liebherr–America, Inc.,* 281 S.C. 420, 421, 315 S.E.2d 116, 118 (1984). An abuse of discretion occurs when a ruling is based on an error of law or a factual conclusion without evidentiary support. *Conner v. City of Forest Acres,* 363 S.C. 460, 467, 611 S.E.2d 905, 908 (2005).

## LAW / ANALYSIS

### I.  Use of Special Verdict Form

SCDOT argues that the trial court erred in utilizing a special verdict form because the nature of the case, the facts, and the evidence did not warrant a special verdict. We disagree.

The trial judge has the discretion to determine how a case is submitted to the jury. *Smoak,* 281 S.C. at 421, 315 S.E.2d at 118. Rule 49(a), SCRCP, provides in part:

The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several

---

1.  In the interest of clarity, we have reorganized and combined issues II through VII presented by SCDOT for this Court's review.

special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate.

SCDOT does not dispute the discretionary nature of this decision in its brief. Furthermore, SCDOT does not argue that the trial court abused its discretion by submitting the special verdict form to the jury. The only arguments SCDOT propounds are that the verdict form is misleading and that the use of a general verdict form would have simplified the appeals process.

We find that the trial judge did not abuse his discretion in utilizing a special verdict form. Rule 49, SCRCP, clearly allows the court to use special verdicts in its discretion. Even if a general verdict was more practical given the circumstances of this case, this fact alone does not amount to an abuse of discretion.

Accordingly, we hold that the trial court did not err in utilizing a special verdict form in this case.

## II. Prejudicial Effect of the Special Verdict Form

SCDOT argues that the special verdict form submitted by the trial court was unduly suggestive or misleading as to the appraisal method to be used by the jury in calculating just compensation. We disagree.

At the outset we must address the trial court's ruling that SCDOT waived its objection to the special verdict form.

It is well settled that an issue may not be raised for the first time in a post-trial motion. *McGee v. Bruce Hosp. Syst.*, 321 S.C. 340, 347, 468 S.E.2d 633, 637 (1996). Further, it is a litigant's duty to bring to the court's attention any perceived error, and the failure to do so amounts to a waiver of the alleged error. *Parks v. Morris Homes Corp.*, 245 S.C. 461, 471, 141 S.E.2d 129, 134 (1965). Additionally, "[i]t is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review." *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998). "There are four basic requirements to preserving issues at

trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002).

During trial, the court announced its intention to use a special verdict form and asked if either party objected to the use of the form. SCDOT stated that "we would just prefer the first verdict form." The court denied the request finding the special verdict form appropriate and in the interest of "judicial economy and appellate court economy." The court then asked if either party wished to include more instructions regarding the use of the form, and SCDOT replied, "I understand and, your honor, if you are going to use this form then that's fine, either way." After the court charged the jury, but before the court gave the jury the verdict form, SCDOT again objected to the use of the verdict form stating "the Department objects to the verdict form [sic] it emphasizes damages by its bifurcated nature and the Department doesn't believe that the landowner has proven its damages to the standards required by the law in this case." The court overruled SCDOT's objection.

SCDOT filed a motion for judgment notwithstanding the verdict asserting that the verdict form was unduly suggestive. The trial court found that SCDOT did not object to the use of the verdict form on that basis, and therefore, the court found that the objection was waived. SCDOT argues that although it did not use those exact words, it nonetheless objected to the use of the special verdict form on the basis that it emphasized the appraisal method advocated by First Carolina.

We hold that SCDOT made a timely objection to the use of the special verdict form. Although SCDOT did not phrase its objection in the exact terms used in the issues on appeal, SCDOT's objection on the basis that the verdict form "emphasizes damages by its bifurcated nature" provided a meaningful objection with sufficient specificity to allow the trial court to rule on the issue. *State v. Russell,* 345 S.C. 128, 134, 546 S.E.2d 202, 204 (Ct.App.2001) (holding that a party need not use the exact name of a legal doctrine in order to preserve an argument, but it must be clear that the argument has been

presented on that ground). In fact, the trial court denied the motion finding that the form did not emphasize damages because the jury could choose to calculate damages using SCDOT's proposed method and fill in only the first question. Further, SCDOT's initial objection and discussion with the trial court regarding the use of the special verdict form was not a concession to the use of the form. The record reflects that SCDOT's statement, "I understand and, your honor, if you are going to use this form then that's fine, either way," was simply a response to the court's question concerning any requests for additional instructions to the jury on the form.

Turning to the merits, a special verdict question may be so defective in its formulation that its submission results in a prejudicial effect which constitutes reversible error. 9A Wright & Miller, *Federal Practice and Procedure*, Civil 2d § 2508, p. 193. In evaluating the prejudicial effect of a defective special verdict question or special interrogatory, the court must consider the question or interrogatory along with the instructions given to the jury. *Fortune v. Gibson*, 304 S.C. 279, 282, 403 S.E.2d 674, 675 (Ct.App.1991) (finding that special interrogatories and instructions must be considered together). The prejudicial effect of a defective verdict form may be cured where the trial court provides clear and cogent jury instructions. *See State v. Covert*, 368 S.C. 188, 214, 628 S.E.2d 482, 496 (Ct.App.2006); *State v. Myers*, 344 S.C. 532, 536, 544 S.E.2d 851, 853 (Ct.App.2001).[2]

The special verdict form submitted to the jury by the court asked three questions:[3]

---

**2.** Rule 49, SCRCP, is identical to the federal rule. Under federal case law, it is improper to use a special verdict form which is likely to confuse or mislead the jury. However, such error may be corrected by clear instructions to the jury. *See Sanghvi v. City of Claremont*, 328 F.3d 532, 541–42 (9th Cir.2003); *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 363 (3rd Cir.1999); *Horstmyer v. Black & Decker, Inc.*, 151 F.3d 765, 771–72 (8th Cir.1998); *Umpleby v. Potter & Brumfield, Inc.*, 69 F.3d 209, 214 (7th Cir.1995); and *Cutlass Productions, Inc. v. Bregman*, 682 F.2d 323, 327 (2nd Cir.1982).

**3.** The special verdict form used by the trial court closely resembles the measure of just compensation as required in the Eminent Domain Procedure Act. *See* S.C.Code Ann. § 28–2–370 (2005) (providing that "in determining just compensation, only the value of the property to be

1) We, the jury, unanimously find just compensation for the landowner for the land actually taken by the Department of Transportation to be _____.

2) Do you, the jury, unanimously find any special damages to the remaining property of the landowner that are a direct and proximate result of the taking? ____ No. If No is chosen, end deliberations and sign verdict form. ____ Yes. If Yes is chosen, go to Question 3.

3) We, the jury, unanimously find special damages to the remaining property of the landowner in the amount of _____.

During the jury charge, the trial court explained to the jury that it could find just compensation using either of the two methods presented during trial. The court went on to explain fully both the "before and after" method of calculation, and also the appraisal method which requires a finding of the value of land taken plus damage to the remaining property. At the end of the jury charge, the court explained the use of the verdict form. The court further explained that the jury was not required to find any compensation under Question 3, but if it did find compensation under Question 3, that amount would be in addition to the compensation found in Question 1.

Reading the verdict form in conjunction with the jury instructions, we find that any possible confusion or misapprehension caused by the verdict form was remedied by the instructions from the court. The form did not misstate the law or restrict the jury's finding to one method of calculation. Furthermore, although SCDOT argues that the more prudent choice would have been to use a general verdict form, SCDOT presented no evidence that the use of the special verdict form bent the will of the jury or prejudiced SCDOT in any way.

Accordingly, the special verdict form utilized by the trial court was not unduly suggestive or misleading, and did not prejudice SCDOT. Additionally, any perceived defect in the form was cured by the trial court's instructions as to the law and use of the form.

---

taken, any diminution in the value of the landowner's remaining property, and any benefits as provided in § 28–2–360 may be considered").

## CONCLUSION

For the forgoing reasons, we affirm.

MOORE, BURNETT, JJ., and Acting Justices JAMES W. JOHNSON, JR., and L. CASEY MANNING, concur.