THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Phillip C. Howle, Sally Howle Ritchie, Miriam Howle Grover, Ken
 Howle, Members of the Howle and Sally Howle Ritchie, as Personal
 Representative of the Estate of Cleonita W. Howle, Appellants/Respondents,
 v.
 Leslie E. Howle, 
 Respondent/Appellant.
 
 
 

Appeal From Horry County
 J. Stanton Cross, Jr., Master-in-Equity
Unpublished Opinion No.  2009-UP-258
Heard May 13, 2009  Filed June 1, 2009
AFFIRMED

 
 
 
 Kenneth E Sowell, of Anderson, for Appellant-Respondent.
 Hugh L. Willcox, Jr. and Edward A. Love, both of Florence, for
 Respondent-Appellant.
 
 
 

PER CURIAM:  Phillip
 C. Howle, Sally Howle Ritchie, Mirian Howle, Ken Howle, and Sally Howle
 Ritchie, as personal representative of the estate of Cleonita W. Howle allege
 the trial court erred in: (1) finding Leslie Howle did not assume the mortgage on
 the Beach House and Plaintiffs were not entitled to have the mortgage
 reinstated and assigned to Plaintiffs; (2) finding the assumption was invalid
 because Carolina Bank had no knowledge of any type of assumption; (3) finding
 Darlington Fuel Company, Inc. was a necessary party to the action; (4) finding Plaintiffs
 were not entitled to judgment against Leslie Howle based on breach of contract;
 (5) finding the statute of limitations prohibited their breach of contract
 claim; and (6) allowing Leslie Howle to present evidence of setoff and payment
 although such was not pled in her counterclaim.  Leslie Howle cross appeals
 arguing the trial court erred in finding she was not entitled to an award based
 upon diminution in property value of the Beach House due to Phillip Howle's
 filing of a lis pendens. We affirm pursuant to Rule 220(b), SCACR, and the following authorities.  
1.  As
 to whether the trial court erred in (1) finding Leslie Howle did not assume the
 mortgage on the Beach House and Plaintiffs were not entitled to have the
 mortgage reinstated and assigned to Plaintiffs; (2) finding the assumption was
 invalid because Carolina Bank had no knowledge of any type of assumption; and (3)
 finding Darlington Fuel Company, Inc. was a necessary party to the action, we
 find these issues are abandoned.  See State v. Jones, 344 S.C.
 48, 58-59, 543 S.E.2d 541, 546 (2001) (finding an issue is deemed abandoned and
 will not be considered on appeal if the argument is raised in a brief but not
 supported by authority).    
2.  We
 hold the trial court did not err in finding Philip Howle's breach of contract
 claim was barred by the statute of limitations pursuant to: S.C. Code Ann. §
 15-3-530 (2005) (providing a party must commence an action within three years
 of the date the cause of action arises); Martin v. Companion Healthcare
 Corp., 357 S.C. 570, 575, 593 S.E.2d 624, 627 (Ct. App. 2004) (finding the
 three-year statute of limitations "begins to run when the underlying cause
 of action reasonably ought to have been discovered").  
3.  We
 find Philip Howle's argument that the trial court erred in relying on a three-year
 statute of limitations pursuant to section 15-3-530 of the South Carolina Code
 (2005) is not preserved for review.  See In re Michael H., 360
 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) ("An issue may not be raised for
 the first time on appeal.  In order to preserve an issue for appeal, it must be
 raised to and ruled upon by the trial court.").  
4.  We
 find Philip Howle's argument that the trial court erred to the extent its order
 was based on evidence of setoff and payment presented at trial is not preserved
 for our review because the trial court did not make a final ruling on this
 issue.  See S.C. Dept. of Transp. v. First Carolina Corp. of S.C.,
 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) (holding that in order for an
 issue to be preserved for appellate review, it must have been raised to and ruled
 upon by the trial judge).  
5.  We
 find Leslie Howle's cross appeal is not preserved for review.  See Noisette
 v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding that when a
 trial court makes a general ruling on an issue, but does not address the
 specific argument raised by the appellant and the appellant does not make a
 motion to alter or amend pursuant to Rule 59(e), SCRCP, to obtain a ruling on
 the argument, the appellate court cannot consider the argument on appeal).   
AFFIRMED.
SHORT, WILLIAMS, and
 LOCKEMY, JJ., concur.