THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Edmond Goodman, Appellant.
 
 
 

Appeal From Williamsburg County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No.  2011-UP-541 
 Submitted November 1, 2011  Filed
December 5, 2011

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J.
 Zelenka, and Assistant Attorney General Brendan J. McDonald, all of Columbia; and
 Solicitor Ernest A. Finney, III, of Sumter, for Respondent.
 
 
 

PER CURIAM: Edmond
 Goodman appeals his convictions for murder and possession of a firearm during
 the commission of a violent crime.  He argues the trial court erred in denying
 his motion to relieve counsel.[1]  We affirm.[2]          
"A motion to relieve
 counsel is addressed to the discretion of the trial [court] and will not be
 disturbed absent an abuse of discretion."  State v. Childers, 373
 S.C. 367, 372, 645 S.E.2d 233, 235 (2007).  "The movant bears the burden
 to show satisfactory cause for removal."  Id.  In evaluating
 whether a trial court abused its discretion in a motion for substitution of
 counsel, the court may consider the following factors: "timeliness of the
 motion, adequacy of the trial [court]'s inquiry into the defendant's complaint,
 and whether the attorney-client conflict was so great that it resulted in a
 total lack of communication, thereby preventing an adequate defense."  State
 v. Sims, 304 S.C. 409, 414, 405 S.E.2d 377, 380 (1991).  In the instant
 case, the trial court conducted a sufficient inquiry into the basis of Goodman's
 complaints against his counsel.  The trial court inquired regarding counsel's
 preparations for trial, his communications with Goodman, and general experience
 with criminal cases and determined Goodman's counsel was adequately prepared to
 go forward with the case.  Accordingly, the trial court did not abuse its
 discretion in denying Goodman's motion to relieve counsel.  
AFFIRMED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] Although Goodman argues on appeal the trial court
 violated his right to proceed pro se, a review of the record reveals Goodman
 did not move to proceed pro se at trial.  Accordingly, this argument is not
 preserved for review.  See S.C. Dep't of Transp. v. First Carolina
 Corp. of S.C., 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (finding
 issues must be "raised to and ruled upon in the trial court" to be
 considered on appeal).      
[2]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.