**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Palmetto Bank, Respondent,

v.

Walter T. Cardwell, Jr., Coach Hills Homeowner's Association, Inc., United States of America, Defendants,

Of whom Walter T. Cardwell, Jr. is the Appellant.

Appellate Case No. 2011-192887

Appeal From Greenville County
Charles B. Simmons, Jr., Master in Equity

Unpublished Opinion No. 2012-UP-504
Submitted September 4, 2012 – Filed September 5, 2012

**AFFIRMED**

Dr. Walter T. Cardwell, Jr., of Greenville, pro se.

F. Marion Hughes and M. Kevin McCarrell, of Smith Moore, Leatherwood, LLP, of Greenville, for Respondent.

**PER CURIAM:** We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the Master erred in denying Cardwell's motion to restore the case to the trial roster: S.C. Code Ann. § 32-3-10(4) (2007) (requiring contracts related to an interest in land to be in writing to be enforceable); *Player v. Chandler*, 299 S.C. 101, 105, 382 S.E.2d 891, 894 (1989) ("[A] contract required to be in writing by the South Carolina Statute of Frauds cannot be orally modified.").

2.      As to whether Cardwell was improperly surprised by evidence, whether Palmetto Bank committed perjury, whether Palmetto Bank's attorney engaged in misconduct, and whether the Master erred in failing to provide clear instructions regarding legal procedures: *Webb v. CSX Transp., Inc.*, 364 S.C. 639, 655, 615 S.E.2d 440, 449 (2005) (finding there must be a contemporaneous objection to evidence to preserve an issue for appellate review); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("It is well settled that an issue may not be raised for the first time in a post-trial motion."); *id.* ("[I]t is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review." (internal quotation marks omitted)).[1]

**AFFIRMED.**[2]

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1]  There is no evidence to support Cardwell's contention he was prevented from conducting discovery; accordingly, it is without merit.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.