**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher Drye, d/b/a Drye's Auto Crushing, Respondent,

v.

Mike Gault and Mary T. Gault, d/b/a Gault's Used Cars, Total, Inc., Edward Keith Potter individually and as President of Total, Inc., Defendants,

Of Whom Mike Gault is the Appellant.

Appellate Case No. 2013-001347

Appeal From Cherokee County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2015-UP-153
Submitted January 1, 2015 – Filed March 18, 2015

**AFFIRMED**

Duane Alan Lazenby and Ginger D. Goforth, both of Lazenby Law Firm, LLC, of Spartanburg, for Appellant.

William G. Rhoden, of Winter & Rhoden, LLC, of Gaffney, for Respondent.

**PER CURIAM:** Mike Gault appeals the trial court's decision to hold him in contempt and sentence him to ten days' imprisonment, arguing the trial court erred in (1) finding Gault willfully violated a discovery order and (2) holding him in criminal contempt under a "clear and convincing evidence" standard. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in finding Gault willfully violated a discovery order: *Ex parte Cannon*, 385 S.C. 643, 660, 685 S.E.2d 814, 823 (Ct. App. 2009) ("A decision on contempt rests within the sound discretion of the [trial] court. It is within the [trial] court's discretion to punish by fine or imprisonment every act of contempt before the court. On appeal, this Court should reverse the contempt decision only if it is without evidentiary support or the [trial] court abused its discretion." (citations and internal quotation marks omitted)); *id.* at 660, 685 S.E.2d at 824 ("Contempt results from the willful disobedience of a court order, and before a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct." (internal quotation marks omitted)); *id.* at 661, 685 S.E.2d at 824 ("A willful act is one . . . done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." (internal quotation marks omitted)).

2. As to whether the court erred in applying a clear and convincing evidence standard to hold him in criminal contempt: *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) (stating an issue must have been raised to and ruled upon by the trial court to be preserved for appellate review).

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.