**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Johnny Eades and Barbara Eades, Appellants,

v.

Palmetto Cardiovascular and Thoracic, PA; James M. Benner, MD; Mark J. Epler, MD; Trident Medical Center, LLC; Columbia/HCA Healthcare Corporation of South Carolina; HCA Healthcare-South Carolina; Trident Medical Center; Trident Health System; Palmetto Primary Care Physicians, LLC; Trident Emergency Physicians, LLC; Brian R. Whirreth, MD; Patricia Campbell, MD; Christine E. McNeal, MD; Matthew Wallen, MD; Charleston Radiologists, PA; Joseph M. Mullaney, MD; Tri-County Radiology Associates, PA; and Troy Marlon, MD, Defendants,

Of whom Palmetto Cardiovascular and Thoracic, PA; James M. Benner, MD; Mark J. Epler, MD; Palmetto Primary Care Physicians, LLC, and Trident Emergency Physicians, LLC are the Respondents.

Appellate Case No. 2013-002177

———————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-331
Submitted April 1, 2015 – Filed July 1, 2015

———————

# REVERSED AND REMANDED

Gary Lane Cartee, of North Charleston, for Appellants.

Hutson S. Davis, Jr., and Jason Wayne Ward, both of Ward & Bromley, LLC, of Bluffton, for Respondent Mark J. Epler.

Thomas C. Salane and R. Hawthorne Barrett, both of Turner Padget Graham & Laney, PA, of Columbia, for Respondent Palmetto Primary Care Physicians, LLC.

Donald Jay Davis, Jr., Stephen Lynwood Brown, and Russell Grainger Hines, all of Young Clement Rivers, of Charleston, for Respondent Trident Emergency Physicians, LLC.

William Curry McDow, of Richardson Plowden & Robinson, PA, of Columbia, for Respondents Palmetto Primary Care Physicians, LLC and Trident Emergency Physicians, LLC.

R. Hawthorne Barrett, of Turner Padget Graham & Laney, PA, of Columbia, for Respondent Trident Emergency Physicians, LLC.

Andrew F. Lindemann, of Davidson & Lindemann, PA, of Columbia, for Respondents Palmetto Cardiovascular and Thoracic, James M. Benner, and Mark J. Epler.

Darren Kent Sanders, of Buyck, Sanders & Simmons, LLC, of Mount Pleasant, for Respondents Palmetto Cardiovascular and Thoracic and James M. Benner.

---

**PER CURIAM:** Johnny and Barbara Eades appeal the trial court's dismissal of their notice of intent to file suit (NOI). The Eadeses argue the trial court erred in

dismissing their lawsuit on the ground that they failed to contemporaneously file an affidavit of an expert witness with their NOI. We reverse and remand for further proceedings. *See* S.C. Code Ann. § 15-79-125(A) (Supp. 2014) ("Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file [a NOI] and an affidavit of an expert witness, subject to the affidavit requirements established in Section 15-36-100 . . . ."); S.C. Code Ann. § 15-36-100(C)(1) (Supp. 2014) ("The contemporaneous filing requirement . . . does not apply to any case in which the period of limitation will expire, or there is a good faith basis to believe it will expire on a claim stated in the complaint, within ten days of the date of filing and, because of the time constraints, the plaintiff alleges that an affidavit of an expert could not be prepared. In such a case, the plaintiff has forty-five days after the filing of the complaint to supplement the pleadings with the affidavit."); *Ranucci v. Crain*, 409 S.C. 493, 504, 763 S.E.2d 189, 194 (2014) ("[S]ection 15–79–125(A)'s reference to the 'affidavit requirements established in [s]ection 15–36–100' constitutes an adoption of all provisions of section 15–36–100."); *id.* at 509, 763 S.E.2d at 197 ("Having found that section 15–79–125 incorporates section 15–36–100 in its entirety, we hold that [plaintiff] should have been permitted to invoke section 15–36–100(C)(1), which extended the time for filing the expert witness affidavit and tolled the applicable statute of limitations under section 15–79–125(A).").[1]

**REVERSED AND REMANDED.**[2]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We note that the issue of the sufficiency of the expert affidavit as to Respondents is unpreserved. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) (providing an issue must be raised to and ruled upon by the trial court to be preserved for appellate review).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.