**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sandy Chamblee, Appellant,

v.

Anderson County Fire Department, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2015-001862

Appeal From The Workers Compensation Commission

Unpublished Opinion No. 2017-UP-215
Submitted March 1, 2017 – Filed May 24, 2017

**AFFIRMED**

Richard E. Thompson, Jr., of Thompson & King, of Anderson, for Appellant.

Ian Charles Gohean, of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondents.

**PER CURIAM:** Sandy Chamblee filed a workers' compensation claim asserting she suffered a permanent aggravation of a preexisting asthma and lung condition on May 26, 2011, when she inhaled smoke while responding to a fire. The single commissioner of the workers compensation commission (the Commission) issued a decision and order denying Chamblee's claim in its entirety. The appellate panel of

the Commission affirmed the single commissioner's order.  Chamblee appeals, arguing the Commission erred in (1) finding she failed to carry her burden of proving a compensable injury by accident or aggravation of her preexisting condition and (2) allowing testimony related to the issue of when the employer was notified of her alleged accident.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the Commission erred in finding Chamblee failed to carry her burden of proving a compensable injury: *Liberty Mut. Ins. Co. v. S.C. Second Injury Fund*, 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct. App. 2005) ("The South Carolina Administrative Procedures Act establishes the standard for judicial review of decisions of the workers' compensation commission."); *Bursey v. S.C. Dep't of Health & Envtl. Control*, 360 S.C. 135, 141, 600 S.E.2d 80, 84 (Ct. App. 2004) ("A court can reverse an agency's findings, inferences, conclusions or decisions only if they are . . . 'clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . .'" (quoting S.C. Code Ann. § 1-23-380(A)(6)(e) (Supp. 1994))); *Ervin v. Richland Mem'l Hosp.*, 386 S.C. 245, 249, 687 S.E.2d 337, 339 (Ct. App. 2009) (holding a claimant must show she suffered an injury by accident which arose out of and in the course of the claimant's employment to receive compensation for an injury);  *id.* (holding the claimant bears the burden of proving the incident is compensable); *Mullinax v. Winn-Dixie Stores, Inc.*, 318 S.C. 431, 435, 458 S.E.2d 76, 78 (Ct. App. 1995) ("Where the medical evidence conflicts, the findings of fact of the [Appellate Panel] are conclusive."); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 295, 599 S.E.2d 604, 613-14 (Ct. App. 2004) ("A work-related accident which aggravates or accelerates a pre-existing condition, infirmity, or disease is compensable . . . unless it is due solely to the natural progression of a pre-existing condition."); *id.* at 295, 599 S.E.2d at 614 ("The right of a claimant to compensation for aggravation of a pre-existing condition arises only where there is a dormant condition which has produced no disability but which becomes disabling by reason of the aggravating injury."); *id.* ("A determination of whether a claimant's condition was accelerated or aggravated by an accidental injury is a factual matter for the Appellate Panel."); *id.* ("Where there is a conflict in the evidence from the same or different witnesses, the [Appellate] Panel's findings of fact may not be set aside.").

2.  As to whether the Commission erred in allowing testimony related to the issue of when her employer was notified of her alleged accident: *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (stating an issue must have been "(1) raised to and ruled upon by the trial court, (2)

raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity[,]" to be preserved for appellate review").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.