**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Annalee Walsh, Respondent,

v.

Boat-N-RV Megastore and Ridgeland Recreational Vehicles, Inc., Defendants,

Of which Ridgeland Recreational Vehicles, Inc., d/b/a Boat-N-RV Megastore is the Appellant.

Appellate Case No. 2017-000120

—————

Appeal From Jasper County
Maite Murphy, Circuit Court Judge

—————

Unpublished Opinion No. 2019-UP-103
Submitted February 1, 2019 – Filed March 13, 2019

—————

**AFFIRMED**

—————

Matthew Todd Carroll, of Womble Bond Dickinson (US) LLP, of Columbia, for Appellant.

Darrell T. Johnson, Jr., of Law Offices of Darrell Thomas Johnson, Jr. LLC, and Joshua Reece Fester, both of Hardeeville, for Respondent.

—————

**PER CURIAM:** Ridgeland Recreational Vehicles, Inc., d/b/a Boat-N-RV Megastore (Boat-N-RV) appeals the circuit court's order denying its motion to compel arbitration. On appeal, Boat-N-RV argues the circuit court erred by: (1) denying its motion to compel arbitration; (2) considering the "Agreement Pending Financing/Regulation Z Disclosure Form" (the financing form) as part of the contract because it was improper parol evidence; and (3) finding the purchase agreement was conditioned upon the willingness of a third party to finance the purchase. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Boat-N-RV's argument that the circuit court erred by denying its motion to compel arbitration: *Chassereau v. Global-Sun Pools, Inc.*, 363 S.C. 628, 631, 611 S.E.2d 305, 307 (Ct. App. 2005) ("The question whether a claim is subject to arbitration is a matter for judicial determination, unless the parties have provided otherwise."); *id.* ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Nevertheless, a circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings."); *Chassereau*, 363 S.C. at 632, 611 S.E.2d at 307 ("Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute that the party has not agreed to submit.").

2. As to Boat-N-RV's argument the circuit court erred by considering the financing form as part of the contract because it was improper parol evidence: *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review." (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))); *Burke v. AnMed Health*, 393 S.C. 48, 54, 710 S.E.2d 84, 87 (Ct. App. 2011) ("A contemporaneous objection is typically required to preserve issues for appellate review."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (finding if an issue is raised but not ruled upon, the party who raised the issue must file a Rule 59(e), SCRCP, motion to preserve the issue for appellate review).

3. As to Boat-N-RV's argument that the circuit court erred by finding the purchase agreement was conditioned upon the willingness of a third party to finance the purchase: *Worley v. Yarborough Ford, Inc.*, 317 S.C. 206, 210, 452 S.E.2d 622, 624 (Ct. App. 1994) (stating a condition precedent is "any fact other than the lapse of time, which, unless excused, must exist or occur before a duty of immediate

performance arises"); *McGill v. Moore*, 381 S.C. 179, 187, 672 S.E.2d 571, 575 (2009) ("If a contract contains a condition precedent, that condition must either occur or it must be excused before a party's duty to perform arises.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.