**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Donald Scott Robertson, Appellant.

Appellate Case No. 2017-001656

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2020-UP-104
Heard February 4, 2020 – Filed April 8, 2020

**AFFIRMED**

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Joshua Abraham Edwards, both of Columbia, and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

**PER CURIAM:** Donald Scott Robertson appeals his convictions for two counts of armed robbery, one count of possessing a weapon during the commission of a violent crime, two counts of kidnapping, one count of first degree burglary, and one count

of possessing a firearm or ammunition by a person convicted of a violent crime. Robertson argues a watch taken during the underlying burglary/home invasion was not relevant and should therefore not have been admitted into evidence. We disagree. Thus, we affirm.

This issue is governed by a highly deferential standard of review. "The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion. An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." *State v. Goodwin*, 384 S.C. 588, 601, 683 S.E.2d 500, 507 (Ct. App. 2009) (quoting *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006)).

The law on relevance is equally well-settled. "'Relevant evidence' means evidence having *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, SCRE (emphasis added). "Evidence is relevant if it tends to establish or make more or less probable some matter in issue upon which it directly or indirectly bears, and it is not required that the inference sought should necessarily follow from the fact proved." *State v. Sweat*, 362 S.C. 117, 126–27, 606 S.E.2d 508, 513 (Ct. App. 2004). "Evidence is admissible if 'logically relevant' to establish a material fact or element of the crime; it need not be 'necessary' to the State's case in order to be admitted." *Id.* at 127, 606 S.E.2d at 513.

Here, police recovered the watch from Terri Johnson. Robertson gave Johnson's name to the police, identified her as his ex-girlfriend, and claimed she was his alibi witness. Johnson gave the watch to police twelve days after the home invasion but one day after the police located Johnson and spoke with her. The victims positively identified and described the watch as the one stolen from their home.

We find the watch relevant because, pursuant to Rule 401, "it tends to establish or make more or less probable" that Robertson committed the crimes. *Sweat*, 362 S.C. at 126, 606 S.E.2d at 513. As mentioned above, Johnson told the police about the watch shortly after the police told her Robertson had been arrested and Robertson linked himself to Johnson on the date of the incidents. The link between Johnson and Robertson was corroborated by a hotel manager who produced Johnson's reservation information when the police asked if Robertson had stayed at the hotel. The reservation was from a check-in occurring the same day as the home invasion. Taken together, this evidence tended to show Johnson had been in contact with the guilty party and that the guilty party was Robertson. Also, and critically, the victims identified the watch as an item taken during the home invasion. The watch was

directly relevant to the "theft" element of armed robbery and the "criminal intent" element of burglary. Accordingly, we find the trial court did not abuse its discretion in admitting the watch into evidence.

Robertson also argues the trial court abused its discretion in failing to exclude the watch and accompanying testimony because the danger of unfair prejudice substantially outweighed the watch's probative value. *See* Rule 403, SCRE. We find this issue is not preserved for appellate review. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review." (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))).

**AFFIRMED.**

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**