**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jeffrey McCoy, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2018-002139

———————————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————————

Unpublished Opinion No. 2021-UP-150
Submitted April 1, 2021 – Filed May 5, 2021

———————————

**AFFIRMED**

———————————

Jeffrey McCoy, pro se.

Kensey Evans, of the South Carolina Department of Corrections, of Columbia, for Respondent.

———————————

**PER CURIAM:** Jeffrey McCoy appeals an order issued by the Administrative Law Court (the ALC) affirming a decision by the South Carolina Department of Corrections (SCDC) regarding the calculation of his sentence. McCoy argues the ALC erred by (1) finding he failed to argue in his step one and step two grievances to SCDC that certain statutes were unconstitutionally applied to calculate his sentence and (2) finding he improperly relied on the decision in *Bolin v. South*

*Carolina Department of Corrections*[1] to support his argument that sections
24-13-100 and 24-13-150(A) of the South Carolina Code (2007 & Supp. 2020)
were unconstitutionally applied to his conviction for safecracking. We affirm
pursuant to Rule 220(b), SCACR.

1. Because McCoy did not raise the issue that sections 24-13-100 and
24-13-150(A) were unconstitutionally applied to his safecracking conviction to
SCDC, the ALC properly held the issue was not preserved for appellate review.
*See Gatewood v. S.C. Dep't of Corr.*, 416 S.C. 304, 324, 785 S.E.2d 600, 611 (Ct.
App. 2016) ("An issue that is not raised to an administrative agency is not
preserved for appellate review by the ALC."); *State v. Simmons*, 423 S.C. 552, 561,
816 S.E.2d 566, 571 (2018) ("There are four basic requirements to preserving
issues . . . for appellate review." (quoting *S.C. Dep't of Transp. v. First Carolina
Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007))); *id*. ("The issue
must have been (1) raised to and ruled upon by the [administrative agency], (2)
raised by the appellant, (3) raised in a timely manner, and (4) raised to the
[administrative agency] with sufficient specificity." (quoting *First Carolina Corp.
of S.C.*, 372 S.C. at 301-02, 641 S.E.2d at 907)).

2. We find the ALC did not err in determining McCoy incorrectly relied on *Bolin*.
As the ALC correctly held, the *Bolin* court's holding applied only to convictions
related to conspiracy and intent to distribute methamphetamine and did not apply
to convictions for safecracking. *See Bolin*, 415 S.C. at 286, 781 S.E.2d at 919
(holding that an inmate's convictions for a second offense under section
44-53-375(B) is no longer a no-parole offense). Further, we find the ALC did not
err in affirming SCDC's calculation of McCoy's sentence because safecracking is
classified as a Class A felony, and pursuant to section 24-13-150(A), McCoy must
serve eighty-five percent of his fifteen-year sentence before being eligible for early
release. *See Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231,
234 (Ct. App. 2008) ("In determining whether the AL[C]'s decision was supported
by substantial evidence, [the appellate] court need only find, considering the record
as a whole, evidence from which reasonable minds could reach the same
conclusion that the AL[C] reached."); S.C. Code Ann. § 16-1-90(A) (Supp. 2020)
(providing that safecracking is a Class A felony and is punishable by up to thirty
years' imprisonment); § 24-13-100 ("For purposes of definition under South
Carolina law, a 'no parole offense' means a class A, B, or C felony . . . which is
punishable by a maximum term of imprisonment for twenty years or more.");
§ 24-13-150(A) ("[A]n inmate convicted of a 'no parole offense' . . . is not eligible

---

[1]415 S.C. 276, 781 S.E.2d 914 (Ct. App. 2016).

for early release, discharge, or community supervision . . . until the inmate has served at least eighty-five percent of the actual term of imprisonment imposed.").

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.