**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Daniel Lee Fludd, Appellant.

Appellate Case No. 2018-002201

———————

Appeal From Hampton County
Perry M. Buckner, III, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-165
Submitted April 1, 2021 – Filed May 12, 2021

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia; and Solicitor Isaac McDuffie
Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Daniel Lee Fludd appeals his convictions for voluntary
manslaughter and possession of a weapon during the commission of a violent
crime, for which he received concurrent sentences of twenty years' imprisonment

and five years' imprisonment, respectively. Fludd argues the trial court erred by instructing the jury that malice could be implied from the use of a deadly weapon when he received charges on self-defense and voluntary manslaughter.

Because Fludd did not object to the jury charge at trial, the issue is not properly preserved for appellate review. We therefore affirm Floyd's convictions pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Simmons*, 423 S.C. 552, 561, 816 S.E.2d 566, 571 (2018) ("There are four basic requirements to preserving issues at trial for appellate review." (quoting *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007))); *id.* ("The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity."); *State v. Sheppard*, 391 S.C. 415, 421, 706 S.E.2d 16, 19 (2011) (noting our courts have routinely held the plain error rule does not apply in South Carolina state courts, a party must make a contemporaneous and specific objection to preserve an issue for appellate review, and failure to properly object renders an issue unpreserved).[1]

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] Although Fludd argues this court should consider the issue in the interest of judicial economy, we find this case does not present an exceptional circumstance that would warrant this court's consideration of an unpreserved issue. *But cf. State v. Johnston*, 333 S.C. 459, 463-64, 510 S.E.2d 423, 425 (1999) (holding that when the State has conceded that the trial court committed error by imposing an excessive sentence, an exceptional circumstance exists that allows the appellate court to remand for resentencing even though the issue was not properly preserved).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.