**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Karina Gonzalez, Miguel Calderon, and Shawn
Alexander, Defendants,

Of whom Miguel Calderon is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2022-001199

———————

Appeal From Greenville County
Thomas T. Hodges, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-171
Submitted April 25, 2023 – Filed May 3, 2023

———————

**AFFIRMED**

———————

Lydia Angelica Hernandez, of Angelica Hernandez, THE
LAW FIRM LLC, of Greenville, for Appellant.

Robert C. Rhoden, III, of South Carolina Department of
Social Services, of Spartanburg, for Respondent.

Kenneth Philip Shabel, of Kennedy & Brannon, P.A., of Spartanburg, for the Guardian ad Litem.

---

**PER CURIAM:** Miguel Calderon (Father) appeals a family court intervention order finding he sexually abused his minor child (Child), prohibiting contact with Child, authorizing the Department of Social Services (DSS) to forego reasonable efforts at reunifying Child with Father, and placing Father's name on the Central Registry of Child Abuse and Neglect. On appeal, Father argues the family court erred by applying a preponderance of the evidence standard and by denying his motion to dismiss the case. We affirm.

Father's argument that the family court violated his right to due process by applying a preponderance of the evidence standard, rather than clear and convincing evidence, is not preserved for appellate review. *See Bakala v. Bakala*, 352 S.C. 612, 625, 576 S.E.2d 156, 163 (2003) ("A due process claim raised for the first time on appeal is not preserved.").

Father's argument that the family court erred by denying his motion to dismiss is similarly unpreserved. At the hearing, Father moved to dismiss the case, stating, "I don't believe that there's [testimony] that met [the] burden of proof." We find this motion, which generally addressed the sufficiency of the evidence, is not adequately specific to alert the family court to Father's arguments on appeal regarding allegations of coaching, the sufficiency of the GAL's investigation, or the lack of criminal charges brought against Father. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.,* 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (stating that to be preserved for appellate review, an "issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.