**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Donald Youngblood, Respondent,

v.

Sheila Wright, Appellant.

Appellate Case No. 2023-001001

———

Appeal From Hampton County
Walter H. Sanders, Jr., Special Referee

———

Unpublished Opinion No. 2026-UP-120
Submitted February 3, 2026 – Filed March 18, 2026

———

**AFFIRMED**

———

John Arthur Jones and Emily White, both of Gallivan, White & Boyd, PA, of Charleston; and Forrest Truett Nettles, II, of Nettles Law Firm, of Greenville, all for Appellant.

John E. Parker and John Elliott Parker, Jr., both of Parker Law Group, LLP, of Hampton, for Respondent.

———

**PER CURIAM:** Sheila Wright appeals the special referee's order denying her motion to set aside the order of default and awarding permanent injury damages to Donald Youngblood for injuries he sustained in a slip and fall on Wright's

property.  On appeal, Wright argues the special referee abused its discretion when it concluded she did not show good cause to set aside the default under Rule 55(c) of the South Carolina Rules of Civil Procedure because the affidavit explaining why Wright was in default contained inadmissible hearsay.  Wright also contends the special referee abused its discretion when it awarded Youngblood permanent injury damages because a medical expert did not testify to the permanence of Youngblood's injuries.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the special referee did not abuse its discretion in concluding Wright did not produce evidence of good cause to set aside the entry of default.  *See* Rule 53(b), SCRCP ("[I]n a default case, . . . some or all of the causes of action in a case may be referred to a master or special referee by order of a circuit judge . . . ."); Rule 53(c), SCRCP ("Once referred, the master or special referee shall exercise all power and authority which a circuit judge sitting without a jury would have in a similar matter."); *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606, 681 S.E.2d 885, 888 (2009) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the [special referee]."); *id.* ("The [special referee's] decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion."); *id.* at 607, 681 S.E.2d at 888 ("An abuse of discretion occurs when the [special referee] issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support.").  Even if all statements in Wright's affidavit were admissible, Wright failed to provide a "satisfactory explanation" for her default.  *See In re Est. of Weeks*, 329 S.C. 251, 258-59, 495 S.E.2d 454, 458 (Ct. App. 1997) ("Under Rule 12(a) of the South Carolina Rules of Civil Procedure (SCRCP), a defendant must serve an answer within thirty days after service of the complaint."); *Palmetto Constr. Grp., LLC v. Restoration Specialists, LLC*, 444 S.C. 328, 339, 907 S.E.2d 129, 135 (Ct. App. 2024) ("Rule 55(a) [of the South Carolina Rules of Civil Procedure] provides that when a party fails to respond to a complaint, the clerk shall record an entry of default." (quoting *Sundown*, 383 S.C. at 606, 681 S.E.2d at 888)); *Sundown*, 383 S.C. at 607, 681 S.E.2d at 888 ("However, Rule 55(c) [of the South Carolina Rules of Civil Procedure] permits a party to move to set aside the entry of default."); Rule 55(c), SCRCP ("For good cause shown the [special referee] may set aside an entry of default . . . ."); *Sundown*, 383 S.C. at 607, 681 S.E.2d at 888 ("This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice."); *id.* at 607-08, 681 S.E.2d at 888 ("Once a party has put forth a satisfactory explanation for the default, the trial court must also consider: (1) the timing of the motion for relief; (2) whether the

defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted."). Wright's failure to notify her insurer of the pending lawsuit, the insurer's failure to pursue the matter once it was aware of the lawsuit, and Wright's counsel's failure to appear or move to set aside default until March 24, 2023—fourteen months after Youngblood filed suit, nearly three months after default was entered, and approximately one month after counsel was made aware of the default order—is not good cause to set aside the entry of default. *See Sundown*, 383 S.C. at 609, 681 S.E.2d at 889 (declining to set aside default because good cause did not exist when "[p]etitioner did not forward the summons and complaint to the insurance agent until approximately two weeks after initially notifying the agent of the lawsuit and several days after the time to answer expired"); *Campbell v. City of North Charleston*, 431 S.C. 454, 462, 848 S.E.2d 788, 792 (Ct. App. 2020) ("We hold the master did not abuse its discretion by [determining] the failure to forward or open an e-mail did not satisfy the good cause standard . . . ."). Accordingly, we hold that the affidavit did not contain evidence sufficient for the special referee to set aside the entry of default.

2. We hold the matter of permanent damages is not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal . . . ."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the [special referee], (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [special referee] with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))). Wright argues that special damages were not asserted at the hearing and first appeared in the special referee's order; however, Wright failed to raise the matter in a Rule 59(e) of the South Carolina Rules of Civil Procedure motion and now raises this issue for the first time on appeal. *See Stanley v. S. States Police Benevolent Ass'n*, 435 S.C. 524, 527, 868 S.E.2d 412, 414 (Ct. App. 2021) ("When a party receives an order containing relief that was not requested or contemplated, the party must present its objections to the issue to the [special referee] in a Rule 59(e) [of the South Carolina Rules of Civil Procedure] motion to preserve the issue for appeal."); *id.* at 528, 868 S.E.2d at 414 ("This gives the [special referee] the opportunity to consider and rule upon the issue in the trial setting after it has been refined by fact-finding and sharpened by argument."); *id.* ("This in turn allows us to provide the meaningful consideration only a complete record provides."); *id.* ("As an appellate court, 'we are a court of review, not of first view.'" (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.