**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gloria Smalls, Appellant,

v.

Sharon Guy Terry, Respondent.

Appellate Case No. 2022-001513

———

Appeal From Beaufort County
Deborah A. Malphrus, Family Court Judge

———

Unpublished Opinion No. 2026-UP-178
Submitted May 15, 2025 – Filed April 22, 2026

———

**AFFIRMED**

———

Gloria Smalls, of Beaufort, pro se.

Sharon Guy Terry, of Chase City, Virginia, pro se.

———

**PER CURIAM:** Gloria Smalls appeals the family court's order dismissing her annulment claim after she failed to provide proof of service for her initial summons and complaint. On appeal, Smalls argues that the court abused its discretion when it dismissed her annulment claim because (1) she was entitled to notice of her deficiency before dismissal and (2) the dismissal violated her due process right to be heard before final judgment was entered. We affirm pursuant to Rule 220(b), SCACR.

We hold Smalls's arguments are not preserved for appellate review because they were raised for the first time on appeal and were not argued during Smalls's September 19, 2022 hearing or in a motion filed after the hearing. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("[T]he losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments."); *id*. ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.