## 20952

Louise M. TOTARO, Appellant, v. Clyde H. TURNER, William A. Mellard, Wesley F. Mellard, Defendants, of whom Clyde H. Turner is Respondent.

(254 S. E. (2d) 800)

*Henry T. Gaud,* Charleston, *for appellant.*

*William H. Grimball,* of *Grimball, Cabaniss, Vaughan & Guerard,* Charleston, *for respondent.*

May 2, 1979.

NESS, Justice:

This appeal is from an order granting respondent Turner's motion to strike certain allegations from appellant Totaro's complaint. We affirm.

Appellant brought this action for cancellation of a purported option agreement between Turner and the heirs of William A. Mellard. While serving as attorney for the exec-

utors of Mellard's estate, Turner found a buyer for a tract of land in Berkeley County, one of the assets of the estate. Appellant alleges that in the course of preparing the agreement between the Mellard heirs and the buyer, Turner procured an option from the heirs to purchase twenty six acres of land. The buyer, through whom appellant claims, was allegedly unaware of the option at the time of purchase.

The lengthy complaint which appellant lodged against respondents, though essentially one for rescission of the option, contained many allegations concerning the alleged unethical conduct of Turner. The trial court ordered that twenty four of the paragraphs be stricken. Appellant asserts this was error. We disagree.

It is well settled that a motion to strike is addressed to the sound discretion of the trial court. *Funderburke v. Johnson,* 253 S. C. 430, 171 S. E. (2d) 597 (1969); *J. M. S., Inc. v. Theo,* 241 S. C. 394, 128 S. E. (2d) 697 (1962). The trial court's decision will not be reversed absent an abuse of discretion. *Ellen v. King,* 227 S. C. 481, 88 S. E. (2d) 598 (1955); *Rimer v. State Farm Mutual Automobile Insurance Co.,* 248 S. C. 18, 148 S. E. (2d) 742 (1966).

Many of the disputed paragraphs contained in appellant's original complaint are irrelevant to the issue of the validity of the option agreement. Accordingly, we conclude the trial court properly granted respondent's motion to strike.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.