# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Johnny Eades and Barbara Eades, Respondents,

v.

Palmetto Cardiovascular and Thoracic, PA; James M. Benner, MD; Mark J. Epler, MD; Trident Medical Center, LLC; Columbia/HCA Healthcare Corporation of South Carolina; HCA Healthcare-South Carolina; Trident Medical Center; Trident Health System; Palmetto Primary Care Physicians, LLC; Trident Emergency Physicians; LLC; Brian R. Whirreth, MD; Patricia Campbell, MD; Christine E. McNeal, MD; Matthew Wallen, MD; Charleston Radiologists, PA; Joseph M. Mullaney, MD; Tri-County Radiology Associates, PA; and Troy Marlon, MD, Defendants,

Of whom Palmetto Primary Care Physicians, LLC and Trident Emergency Physicians, LLC are Petitioners.

Appellate Case No. 2015-001967

-----

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

-----

Appeal From Charleston County
The Honorable Kristi Lea Harrington, Circuit Court
Judge

-----

Opinion No. 27770
Heard December 1, 2016 – Filed February 28, 2018

-----

REVERSED

Thomas C. Salane and R. Hawthorne Barrett, both of Turner Padget Graham & Laney, PA, of Columbia, for Petitioner.

Gary Lane Cartee, of North Charleston, for Respondents.

**JUSTICE HEARN:** This case requires us to decide whether an expert witness affidavit submitted prior to the commencement of a medical malpractice action complied with section 15-36-100(A) of the South Carolina Code (Supp. 2016). The trial court found the affidavit insufficient based on the expert's practice area and dismissed the Notice of Intent to File Suit (NOI). We reverse, finding the statute permits the production of an affidavit from an expert who does not practice in the same area of medicine as the allegedly negligent doctor.

## BACKGROUND

This medical malpractice action arose after Johnny Eades sought treatment from numerous healthcare providers, including Petitioners Palmetto Primary Care Physicians, LLC and Trident Emergency Physicians, LLC, for a blockage and aneurysm of the left iliac artery in July and August of 2009. Three years later, Mr. Eades and his wife filed an NOI to bring the medical malpractice action in Charleston County. Two days after filing the NOI, the Eades filed answers to interrogatories listing Dr. Paul A. Skudder as an expert witness, along with an affidavit from Skudder pursuant to section 15-79-125 of the South Carolina Code (Supp. 2016).

All defendants, including Petitioners, filed motions to dismiss the Eades' NOI. Following a hearing, the trial court granted the defendants' motions on two grounds, holding: (1) section 15-79-125 requires medical malpractice plaintiffs to file expert affidavits in compliance with section 15-36-100 contemporaneously with the NOI; and (2) the Eades' expert affidavit was defective because it did not conform to the requirements of section 15-36-100(A). Specifically, the trial court found the expert affidavit was insufficient because it did not indicate that Skudder had "actual professional knowledge and experience" in the same practice areas as Dr. Campbell

and Dr. Wallen.[1]  The order further stated, "Dr. Skudder's affidavit fails to provide the proper qualifications, required by section 15-36-100, that would permit Dr. Skudder to present an expert opinion about Dr. Campbell and Dr. Wallen."

The court of appeals reversed in an unpublished opinion pursuant to this Court's decision in *Ranucci v. Crain*, 409 S.C. 493, 763 S.E.2d 189 (2014), which held that section 15-79-125 incorporates the safe harbor provision of 15-36-100(C)(1) and extends the time for filing the expert witness affidavit in medical malpractice actions where the statute of limitations is in danger of expiring.[2]  In a footnote, the court of appeals summarily concluded the question of the sufficiency of the expert affidavit was not preserved for review and declined to address the issue. This Court granted certiorari to review the court of appeals' decision.

## ISSUES PRESENTED

Did the court of appeals err in failing to affirm the dismissal as to Petitioners because the expert affidavit did not comply with section 15-36-100?

## DISCUSSION

Finding the sufficiency of the Eades' expert affidavit is preserved for appellate review,[3] we turn to the merits of the issue.  Petitioners argue the court of appeals

---

[1] Campbell and Wallen were acting as employees of Palmetto Primary Care Physicians, LLC and Trident Emergency Physicians, LLC, respectively, when the alleged malpractice occurred.

[2] Petitioners do not challenge this holding.

[3] As an initial matter, we agree with Petitioners' argument that the issue is preserved for review.  In order for an issue to be preserved for appellate review, the issue must have been timely raised by the appellant with sufficient specificity and ruled upon by the trial court.  *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (*citing* Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002)).

In their motion to dismiss, Petitioners, together with their agents Campbell and Wallen, expressly raised the question of whether Skudder's affidavit complied with the requirements imposed by section 15-36-100. Specifically, Petitioners argued the affidavit was insufficient because it only stated Skudder was a board-

erred in failing to affirm the trial judge's dismissal on the grounds that the Eades' affidavit did not comport with the provisions of section 15-36-100(A). Specifically, Petitioners claim Skudder's affidavit was defective because it did not indicate that he practiced in the same area of medicine as Campbell and Wallen, in violation of the statutory requirements. We disagree.

"Questions of statutory interpretation are questions of law, which we are free to decide without any deference to the court below." *Grier v. AMISUB of S.C., Inc.*, 397 S.C. 532, 535, 725 S.E.2d 693, 695 (2012). Statutes in derogation of the common law are to be strictly construed. *Epstein v. Coastal Timber Co.,* 393 S.C. 276, 285, 711 S.E.2d 912, 917 (2011). "Under this rule, a statute restricting the common law will 'not be extended beyond the clear intent of the legislature.'" *Grier*, 397 S.C. at 536, 725 S.E.2d at 696 (quoting *Crosby v. Glasscock Trucking Co.,* 340 S.C. 626, 628, 532 S.E.2d 856, 857 (2000)). Statutes limiting a claimant's right to bring suit are subject to this rule. *Id.* In *Grier*, this Court reviewed subsection (B) of 15-36-100 and found the statute restricted a plaintiff's common law right to bring a malpractice claim, requiring the Court to strictly construe the statute's requirements. 397 S.C. at 538, 725 S.E.2d at 697.

Prior to initiating a medical malpractice action, section 15-79-125(A) requires a plaintiff to contemporaneously file a supporting affidavit from an expert witness in compliance with section 15-36-100. Section 15-36-100(A) defines an expert witness as an individual who is qualified as to the acceptable conduct of the

---

certified vascular surgeon, but did not state that he practiced in the same areas as Campbell and Wallen.

The trial court stated in its order that although the expert affidavit did not comply with the grounds which were later held erroneous by *Ranucci*, "an additional ground for dismissal was raised by **Defendants**." (emphasis added). As the trial court was aware, Petitioners submitted a *joint* motion to dismiss with Campbell and Wallen raising the issue of the sufficiency of the affidavit. Thus, the trial court's order was not limited to Campbell and Wallen, but ruled on the issue as it applied to Petitioners as well. Furthermore, as the doctors' employers, Petitioners could only be liable vicariously through Campbell and Wallen. Accordingly, even if the trial court only addressed the sufficiency of the affidavit as it applied to Campbell and Wallen, it necessarily follows that the issue was raised and ruled upon as it pertained to Petitioners as well. Therefore, from the record it is clear that Petitioners raised the sufficiency of the expert affidavit in their motion, and the trial court ruled on the issue.

professional whose conduct is at issue and who:

(1) is licensed by an appropriate regulatory agency to practice his or her profession in the location in which the expert practices or teaches; and

(2)(a) is board certified by a national or international association or academy which administers written and oral examinations for certification in the area of practice or specialty about which the opinion on the standard of care is offered; or

(b) has actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in:

(i) the active practice of the area of specialty of his or her profession for at least three of the last five years immediately preceding the opinion;

(ii) the teaching of the area of practice or specialty of his or her profession for at least half of his or her professional time as an employed member of the faculty of an educational institution which is accredited in the teaching of his or her profession for at least three of the last five years immediately preceding the opinion; or

(iii) any combination of the active practice or the teaching of his or her profession in a manner which meets the requirements of subitems (i) and (ii) for at least three of the last five years immediately preceding the opinion;

(3) is an individual not covered by subsections (A)(1) or (2), that has scientific, technical, or other specialized knowledge which may assist the trier of fact in understanding the evidence and determining a fact or issue in the case, by reason of the individual's study, experience, or both. However, an affidavit filed pursuant to subsection (B) by an expert qualified under this subsection must contain an explanation of the expert's credentials and why the expert is qualified to conduct the review required by subsection (B). The defendant is entitled to challenge the sufficiency of the expert's credentials pursuant to subsection (E).

On the merits, Petitioners contend Skudder's affidavit was insufficient under section 15-36-100(A) because it did not demonstrate he had "actual professional knowledge and experience" in the same specific practice areas as Campbell and Wallen.[4]  Petitioners categorize Campbell and Wallen's areas of practice as emergency medicine and primary care, and attempt to disqualify Skudder based on his classification as a vascular and critical care surgeon.  Thus, the crux of Petitioners' argument hinges on the interpretation of "area of practice or specialty" as contained in section 15-36-100(A)(2)(a) & (b).

Notwithstanding our disagreement with Petitioners' proposed application of subsection (A)(2), we need not reach that issue because we find Skudder's affidavit comports with section 15-36-100(A)(3).  Subsection (A)(3) provides that an individual who is not otherwise qualified under subsections (A)(1) or (2) may still qualify as an expert if he has "scientific, technical, or other specialized knowledge which may assist the trier of fact in understanding the evidence and determining a fact or issue in the case, by reason of the individual's study, experience, or both."

---

[4] In pertinent part, Skudder's affidavit read:

1.  I, Paul Skudder, am a medical doctor licensed, without restriction and in good standing, in the states of Vermont, Massachusetts, and New York, and in the District of Columbia.  I currently practice medicine, and I have been actively engaged in the practice of medicine for more than the past five years, and this practice has included the evaluation and treatment of patients with issues including occluded arteries, aneurysms, and related medical issues, which include issues similar to those of Johnny Eades in July and August, 2009.  I have the following board certifications:  1986, American Board of Surgery (Recertified 2006); and ABS Surgical Critical Care (Recertified 2001).

2.  I am familiar with the applicable medical standards for the evaluation and treatment of patients under the same or similar circumstances as Johnny Eades, including particularly, but not restricted to, occlusion of the left iliac artery, aneurysm of the same artery, and related issues.  I am aware of the degree of care and skill ordinarily exercised by members of the medical profession under the same or similar circumstances as it relates to the care and treatment of patients such as Johnny Eades in July and August of 2009.  This knowledge is based upon my education, training, and experience.

S.C. Code § 15-36-100(A)(3). To qualify under this provision, an affidavit filed by a proposed expert must contain an explanation of the expert's credentials and their relevance to the case. *Id.* Thus, this subsection contemplates the production of an expert affidavit from a doctor who is not certified in or does not practice in the same area of medicine as the defendant doctor, but otherwise possesses specialized knowledge to assist the trier of fact.

We find the information contained in Skudder's affidavit clearly sufficient to satisfy this provision. The affidavit lists Skudder's specialized, technical knowledge regarding the issue of Mr. Eades' treatment, explaining he is "aware of the degree of care and skill ordinarily exercised by members of the medical profession under the same or similar circumstances as it relates to the care and treatment of patients such as Johnny Eades. . . . This knowledge is based upon my education, training, and experience." Skudder further explained his active practice of medicine includes the evaluation and treatment of occluded arteries, aneurysms, and other issues similar to those for which Mr. Eades sought treatment. Thus, we find Skudder demonstrated he possesses the specialized knowledge and training that may assist the trier of fact in this case, and he explained why his credentials qualify him to identify a negligent act or omission committed by Petitioners. Accordingly, even if Skudder did not satisfy the requirements of subsection (A)(2) because he did not list the same practice areas as Campbell and Wallen, his affidavit comports with the more general requirements of subsection (A)(3).

## CONCLUSION

For the foregoing reasons, the court of appeals erred in finding the sufficiency of the affidavit was unpreserved for review. Reaching the merits, we find the expert affidavit produced by the Eades sufficient to comply with the statutory requirements of section 15-36-100(A)(3). Therefore, the opinion of the court of appeals is

**REVERSED**.

**BEATTY, C.J., FEW, J., and Acting Justice James E. Moore, concur. Acting Justice Costa M. Pleicones, concurring in result only.**