# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Treva C. Flowers, Tristan Flowers, and Ashley F., an infant under the age of fourteen (14) years, by and through her next friends, Treva C. Flowers and Tristan Flowers, Appellants,

v.

Bang N. Giep, M.D., and Spartanburg & Pelham OB-GYN, P.A. (formerly Spartanburg OB-GYN. P.A.), Respondents.

Appellate Case No. 2017-002299

———

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———

Opinion No. 5864
Heard June 23, 2020 – Filed October 6, 2021

———

**AFFIRMED**

———

Charles L. Henshaw, Jr., of Furr & Henshaw, of Myrtle Beach, for Appellants.

C. Mitchell Brown and Brian Patrick Crotty, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia; and Dennis Gary Lovell, Jr., of Copeland, Stair, Kingma & Lovell, LLP, of Charleston, all for Respondents.

———

**WILLIAMS, J.:** Treva C. Flowers, Tristan Flowers, and their daughter Ashley F. (collectively, Appellants) brought a cause of action against Dr. Bang N. Giep and

Spartanburg & Pelham OB-GYN (Doctor and OB-GYN respectively, Respondents collectively) for injuries suffered by Ashley during birth. Appellants assert the trial court erred in denying their motion to strike Respondents' affirmative defense of emergency medical care. We affirm.

**FACTS/PROCEDURAL HISTORY**

At issue in this case is the interpretation of section 15-32-230 of the South Carolina Code (Supp. 2020), which provides physicians immunity from simple negligence in certain medical malpractice suits. The statute provides:

> (A) In an action involving a medical malpractice claim arising out of care rendered in a genuine emergency situation involving an immediate threat of death or serious bodily injury to the patient receiving care in an emergency department or in an obstetrical or surgical suite, no physician may be held liable unless it is proven that the physician was grossly negligent.
>
> (B) In an action involving a medical malpractice claim arising out of obstetrical care rendered by a physician on an emergency basis when there is no previous doctor/patient relationship between the physician or a member of his practice with a patient or the patient has not received prenatal care, such physician is not liable unless it is proven such physician is grossly negligent.
>
> (C) The limitation on physician liability established by subsections (A) and (B) shall only apply if the patient is not medically stable and:
>
> > (1) in immediate threat of death; or
> >
> > (2) in immediate threat of serious bodily injury.
>
> Further, the limitation on physician liability established by subsections (A) and (B) shall only apply to care rendered prior to the patient's discharge from the emergency department or obstetrical or surgical suite.

*Id.*

Appellants brought this medical malpractice action against Respondents, alleging Doctor breached the standard of care during Treva's delivery on October 8, 2008. During delivery, a complication known as shoulder dystocia occurred.[1] Appellants alleged that Doctor failed to properly manage the shoulder dystocia, which caused Ashley to suffer an injury to her brachial plexus nerves.

After unsuccessful mediation, Appellants filed a complaint alleging Doctor was negligent and grossly negligent and OB-GYN was liable as his employer. The case was tried before a jury, and after both parties rested, Respondents moved for a directed verdict on the issue of gross negligence. Appellants subsequently withdrew their allegation of gross negligence, and the court granted the motion. Respondents also moved to amend their answer to assert the affirmative defense of emergency medical care found in subsection 15-32-230(A). Appellants consented to the amendment because the issue had been litigated, and the trial court granted the motion. Appellants immediately moved to strike the defense, arguing it was inapplicable because Treva had received prenatal care and she had a prior doctor/patient relationship with Doctor and members of his practice. Appellants argued that, when section 15-32-230 is read as a whole, subsection (B) limits the immunity provided in subsection (A) if the physician provided obstetrical care. The trial court held the statute describes "two separate and distinct situations" in which a physician cannot be liable for simple negligence and denied Appellants' motion to strike the affirmative defense. The court included subsections (A) and (C) in its jury instructions.

After deliberating, the jury returned a verdict in favor of Respondents. The jury found that although Respondents negligently harmed Ashley, the negligence occurred while Doctor rendered care in a genuine emergency situation in which Ashley was medically unstable and in an immediate threat of death or serious bodily harm. Appellants moved for a new trial, asserting the court should have struck the affirmative defense. The trial court denied the motion, and this appeal followed.

**ISSUE ON APPEAL**

Did the trial court err in interpreting subsections 15-32-230(A) and (B) as distinct and separate defenses from ordinary negligence and in denying Appellants' motion to strike the affirmative defense?

---

[1] During childbirth, shoulder dystocia occurs when the baby's shoulder catches against the mother's pubic bone and fails to enter the pelvis, stalling the delivery.

**STANDARD OF REVIEW**

Statutory interpretation is a question of law, and this court may interpret a statute without any deference to the trial court. *DomainsNewMedia.com, LLC v. Hilton Head Island-Bluffton Chamber of Com.*, 423 S.C. 295, 300, 814 S.E.2d 513, 516 (2018). A ruling on a motion to strike is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Totaro v. Turner*, 273 S.C. 134, 135, 254 S.E.2d 800, 801 (1979). A trial court abuses its discretion when it commits an error of law, makes a factual finding that lacks evidentiary support, or fails to exercise any of its vested discretion. *State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 656 (2006).

**LAW/ANALYSIS**

Appellants do not argue on appeal that the shoulder dystocia was not a genuine emergency situation in which Ashley was medically unstable and under an imminent risk of death or serious bodily injury. Accordingly, it is the law of the case. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) (stating an unappealed ruling is the law of the case). Because this constitutes evidentiary support for the affirmative defense and grounds for denying the motion to strike, the trial court's denial amounts to an abuse of discretion only if the court erred in interpreting section 15-32-230. *Totaro*, 273 S.C. at 135, 254 S.E.2d at 801 (stating a motion to strike is reviewed for an abuse of discretion). Appellants argue the court erred in interpreting the statute as providing "separate and distinct" defenses rather than one defense.

Appellants assert the General Assembly intended for subsections (A) and (B) to apply together, rather than separately, to provide immunity for care rendered in certain locations while imposing additional requirements for obstetrical care. Stated another way, Appellants contend subsection (A) provides a defense for a physician rendering care in a genuine emergency situation in, among other places, an obstetrical suite. However, if the care provided is obstetrical care, Appellants argue subsection (B) then limits subsection (A), precluding the defense if the physician or a member of his or her practice has a prior doctor/patient relationship with the patient or if the patient received prenatal care. Appellants submit that because Doctor provided obstetrical care and had a prior doctor/patient relationship with Treva and she previously received prenatal care, Doctor could not invoke the

affirmative defense and the court erred in denying their motion to strike. We disagree.

"The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature." *DIRECTV, Inc. & Subsidiaries v. S.C. Dep't of Revenue*, 421 S.C. 59, 70, 804 S.E.2d 633, 638 (Ct. App. 2017) (quoting *Sloan v. Hardee*, 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007)). "What the General Assembly says in the text of the statute is the best evidence of its intent, and this [c]ourt is bound to give effect to the legislature's expressed intent." *Aiken v. S.C. Dep't of Revenue*, 429 S.C. 414, 419, 839 S.E.2d 96, 99 (2020). "When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning." *Ranucci v. Crain*, 409 S.C. 493, 500, 763 S.E.2d 189, 192 (2014) (quoting *Sloan*, 371 S.C. at 498, 640 S.E.2d at 459). "Words in the statute should be given their plain and ordinary meaning without resulting to forced or subtle construction." *Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 608, 670 S.E.2d 674, 678 (Ct. App. 2008). "The legislature is presumed to have fully understood the meaning of the words used in a statute and, unless this meaning is vague or indefinite, intended to use them in their ordinary and common meaning or in their well-defined legal sense." *Id.* (quoting *S.C. Coastal Conservation League v. S.C. Dep't of Health & Env't Control*, 380 S.C. 349, 367, 669 S.E.2d 899, 908 (Ct. App. 2008), *rev'd on other grounds*, 390 S.C. 418, 702 S.E.2d 246 (2010)).

Section 15-32-230 has been interpreted to be in derogation of the common law. *See Byrd as Next Friend of Julia B. v. McLeod Physician Assocs. II*, 427 S.C. 407, 414, 831 S.E.2d 152, 155 (Ct. App. 2019). Therefore, it must be strictly construed. *See id.* ("Statutes in derogation of the common law are to be strictly construed." (quoting *Eades v. Palmetto Cardiovascular & Thoracic, PA*, 422 S.C. 196, 201, 810 S.E.2d 848, 850 (2018))). "Under this rule, a statute restricting the common law will not be extended beyond the clear intent of the legislature." *Id.* (quoting *Eades*, 422 S.C. at 201, 810 S.E.2d at 850).

From a plain reading of the text, we find subsection (A) describes a physician that encounters an emergency while providing care whereas subsection (B) describes a physician treating a patient previously unassociated with the physician or his or her practice or lacking prior prenatal care. Because subsections (A) and (B) describe different factual scenarios in which a physician might provide negligent care, we find the legislature intended subsection (B) to apply separately from subsection (A) rather than as a limitation to (A). Moreover, the language within subsection (B)

neither indicates that it is a limitation on the defense provided in subsection (A) nor does it state that subsection (A) only provides a defense for obstetrical care if the requirements within subsection (B) are satisfied. *See Hardee v. McDowell*, 372 S.C. 413, 419, 642 S.E.2d 632, 636 (Ct. App. 2007) ("If the state legislature had intended for a [particular result], it could have drafted the statute to reflect that intent."), *aff'd as modified on other grounds*, 381 S.C. 445, 673 S.E.2d 813 (2009). To adopt Appellants' interpretation and read subsection (B) as a limitation to subsection (A) would be a "forced construction" of the text's plain language. *See Original Blue Ribbon*, 380 S.C. at 608, 670 S.E.2d at 678 ("Words in the statute should be given their plain and ordinary meaning without resulting to forced or subtle construction.").

Accordingly, we find section 15-32-230 provides a defense against simple negligence in two separate and distinct scenarios. Thus, we hold the trial court did not err in its interpretation of section 15-32-230 and in denying Appellants' motion to strike the defense. *See DomainsNewMedia.com*, 423 S.C. at 300, 814 S.E.2d at 516 (stating statutory interpretation is a question of law that is reviewed de novo); *Totaro*, 273 S.C. at 135, 254 S.E.2d at 801 (stating motions to strike are reviewed for an abuse of discretion); *Allen*, 370 S.C. at 94, 634 S.E.2d at 656 (stating a trial court abuses its discretion when it commits an error of law or makes a factual finding unsupported by the evidence).

**CONCLUSION**

Based on the foregoing, the trial court is

**AFFIRMED.**

**KONDUROS and HILL, JJ., concur.**