**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Moats Construction, Inc., Appellant,

v.

Cecil R. Dyar, Respondent.

Appellate Case No. 2022-001527

———————

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-123
Heard September 11, 2024 – Filed April 9, 2025

———————

**AFFIRMED**

———————

David Lee Paavola, of Kenison Dudley & Crawford, LLC, of Cayce, for Appellant.

James W. Logan, Jr., of Logan & Jolly, LLP, of Anderson, for Respondent.

———————

**PER CURIAM:** Moats Construction, Inc. (Moats) appeals the circuit court's orders granting Cecil R. Dyar's (Dyar) motion for summary judgment and calculating damages. We affirm.

1.  We hold the circuit court did not err in granting Dyar's motion for summary judgment.   Moats alleged multiple causes of action to reduce the final amount due under the agreement at issue.  However, the agreement is clear that Moats took the property "as is" and did not account for any offsets to the amount due in the form sought by Moats.  Additionally, the record reflects Moats agreed foreclosure was the proper remedy and the only matter left for the circuit court was to determine the amount due under the agreement.  *See Hawkins v. City of Greenville*, 358 S.C. 280, 289, 594 S.E.2d 557, 562 (Ct. App. 2004) (explaining an appellate court "applies the same standard which governs the trial court" when reviewing the grant of a summary judgment motion); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023) ("[T]he proper standard is the 'genuine issue of material fact' standard set forth in the text of . . . Rule [56(c), SCRCP]."); *Hawkins*, 358 S.C. at 289, 594 S.E.2d at 562 ("Summary judgment is proper when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c), SCRCP)); *Crenshaw v. Erskine Coll.*, 432 S.C. 1, 24, 850 S.E.2d 1, 13 (2020) ("Actions on a contract must be based on the terms of the contract."); *Ellis v. Taylor*, 316 S.C. 245, 248, 449 S.E.2d 487, 488 (1994) ("[This] court's duty is to enforce the contract made by the parties regardless of its wisdom or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully."); *Crenshaw*, 432 S.C. at 25, 850 S.E.2d at 13 ("No jury—nor any judge—is permitted by law to rewrite a contract to impose liability based on some vague personal sense of what is fair.  The contract in this case is written . . . and our decision is based on its written terms."); *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 93, 594 S.E.2d 485, 493 (Ct. App. 2004) ("If its language is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required and the contract's language determines the instrument's force and effect.").

2.  We hold the circuit court did not err in refusing to adjust its initial calculation of damages because Moats had in its possession evidence that would have aided the circuit court but decided not to present it.  At the damages hearing, Moats testified it hired an expert to contest Dyar's calculation of damages; however, the expert refused to testify because he had not been paid.  We find the circuit court properly declined to adjust its calculation of damages following Moats's subsequent proffer of testimony and evidence at the hearing on Moats's motion to reconsider.  Moats did not timely raise the issue of incorrect calculations.  The proper time to do so would have been at the first damages hearing.  *See Eades v. Palmetto Cardiovascular & Thoracic, PA*, 422 S.C. 196, 200 n.3, 810 S.E.2d 848, 850 n.3 (2018) ("In order for an issue to be preserved for appellate review, the issue must have been timely raised by the appellant with sufficient specificity and ruled upon

by the trial court."); *Spreeuw v. Barker*, 385 S.C. 45, 68–69, 682 S.E.2d 843, 855 (Ct. App. 2009) (finding this court could not consider a document that was submitted to the family court "only as an attachment to [a] Rule 59(e)[, SCRCP] motion"); *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e)[, SCRCP] to present to the court an issue the party could have raised prior to judgment but did not.").

**AFFIRMED.**

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**